## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-402(1) (NEB/DLM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| ROBIN LYNN BOURGEOIS, | |
| Defendant. | |

While defendant Robin Lynn Bourgeois was on supervised release, a probation officer visited Bourgeois's home. Bourgeois agreed to allow the officer to go into Bourgeois's bedroom. There, the officer saw illicit substances in plain view. Bourgeois admitted the substances were his.

The officer then searched the bedroom, which was allowed by Bourgeois's terms of supervision. The officer found drug paraphernalia, several DVDs with handwritten titles such as "Kids on Trampolines," and two cell phones.

The officer asked to search both of Bourgeois's phones, and Bourgeois provided the passcodes. During a manual search, the officer found materials related to attempted production of child pornography, so the officer asked for consent to a broader search of the cell phones. Bourgeois agreed.

Based on that evidence, Bourgeois is charged with attempted production and receipt of child pornography. He moves to suppress evidence and statements. (ECF Nos. 19–20, 31.) United States Magistrate Judge Douglas L. Micko recommends denying the motions. (ECF No. 43.) Bourgeois lodges a brief, two-page objection. (ECF No. 44.)

The Court reviews the objected-to portions of the Report and Recommendation de novo. 28 U.S.C. § 636(b)(1). The Fourth Amendment guarantees the right to be free from unreasonable searches. In considering the reasonability of a search, courts consider the totality of the circumstances. *Samson v. California*, 547 U.S. 843, 848 (2006). "Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id.* (citation modified). A defendant's probationary status impacts the calculus: "[W]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Id.* at 849–50 (citation omitted).

The officer's bedroom search did not violate the Fourth Amendment. The officer found illicit substances in plain view, and Bourgeois confirmed that the substances were his. Bourgeois's terms of supervision included submitting to searches, and possession of controlled substances is a crime, providing the officer with grounds to search Bourgeois's room. The Court will not suppress the evidence resulting from that search.

Nor will the Court suppress the evidence from the cell phone searches. Voluntary consent provides an exception to the Fourth Amendment's warrant requirement. *United States v. Esquivias*, 416 F.3d 696, 700 (8th Cir. 2005). The evidence shows that Bourgeois's consent was voluntary and without coercion—Bourgeois consented to the search multiple times; Bourgeois was not detained or in custody when he consented; and the officer used no threatening or intimidating tactics. Because Bourgeois consented to the cellphone search, the search did not violate the Fourth Amendment.

2

Finally, the Court will not suppress Bourgeois's statements during the bedroom search. An officer must issue a *Miranda* warning when the person is in custody and being interrogated. *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995). The Court agrees with Judge Micko's analysis that the interrogation was not custodial—Bourgeois was not in custody; he was not physically restrained; the officer did not use any strong-arm tactics or deceptive stratagems; the bedroom visit was not dominated by police officers; and Bourgeois was not arrested at the end of the questioning. *United States v. Quintero*, 648 F.3d 660, 667 (8th Cir. 2011) (outlining factors). Because Bourgeois was not in custody, *Miranda* warnings were not required, so the Court denies the motion to suppress Bourgeois's statements.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      The Report and Recommendation (ECF No. 43) is ACCEPTED;

2.      Defendant Robin Lynn Bourgeois's objections (ECF No. 44) to the Report and Recommendation are OVERRULED;

3.      Bourgeois's Motions to Suppress Evidence (ECF Nos. 19, 20) are DENIED; and

4.      Bourgeois's Motion to Suppress Statements (ECF No. 31) is DENIED.

Dated: July 31, 2026                                    BY THE COURT:

                                                        s/Nancy E. Brasel
                                                        Nancy E. Brasel
                                                        United States District Judge